**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2017[*]
Decided October 5, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1968

| | |
|---|---|
| ARLIN T. CALVIN,<br>    *Plaintiff-Appellant*,<br><br>*v.*<br><br>SUB-ZERO FREEZER, CO.,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Western District of Wisconsin.<br><br>No. 16-CV-552<br><br>**James D. Peterson**,<br>*Chief Judge*. |

**O R D E R**

Arlin Calvin appeals the entry of summary judgment for his former employer, Sub-Zero Freezer Co., in this discrimination suit under the Americans with Disabilities Act, 42 U.S.C. § 12101. The district court concluded that Calvin's claims were barred by the statute of limitations because he did not file an administrative charge within 300 days of his discharge in 2002. We agree and affirm the judgment.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* Fed. R. App. P. 34(a)(2)(C).

Calvin, who had worked at Sub-Zero for nearly a decade, suffered an unspecified work-related injury in August 2001 and no longer could perform his job on the production line. He was assigned a new job that ended in July 2002. Calvin says that at that time he "was walked out of the back door of Sub-Zero" and was told by Sub-Zero's Director of Human Resources that his "employment with Sub-Zero was done." A year and a half later, Calvin received a letter from Sub-Zero. It stated that he had exhausted his unpaid leave under the collective bargaining agreement and confirmed that his job had been terminated.

In 2004 Calvin filed an administrative complaint with the Wisconsin Department of Workforce Development Equal Rights Division. His case languished for years (the record contains conflicting accounts of the reasons for the delay), and in 2010 he filed another administrative complaint. In late 2015 an administrative law judge determined that there was not probable cause to believe that Sub-Zero discriminated against him based on his race, color, or disability.

Calvin then filed this suit under the ADA in 2016. The district judge initially questioned whether Calvin's case could be timely, given the dated nature of the events. But the judge allowed the case to proceed because of uncertain details about the precise date that Calvin's job was terminated and whether he had ever received a right-to-sue letter from the Equal Rights Division. The judge eventually entered summary judgment for Sub-Zero, concluding that Calvin's claims were barred by the statute of limitations. As the judge explained, Calvin knew in July 2002 that his employment was terminated and yet did not file his administrative complaint until November 2004, long after the applicable 300-day limit. *See Barrett v. Ill. Dep't of Corr.*, 803 F.3d 893, 898 (7th Cir. 2015); *Roney v. Ill. Dep't of Transp.*, 474 F.3d 455, 459–60 (7th Cir. 2007). The judge then denied Calvin's motion for reconsideration in which he argued—for the first time—that his discharge did not become official until 2004, when he received the letter from Sub-Zero about his terminated job.

Before a plaintiff files a suit for employment discrimination under the ADA, he must file a timely administrative complaint. *See* 42 U.S.C. § 12117(a) (adopting exhaustion procedures set forth in Title VII for ADA claims); *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001); *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 574 (7th Cir. 1998). In Wisconsin, a plaintiff has 300 days from the alleged discriminatory act to file a complaint with the EEOC or the state Equal Rights Division. *See* 42 U.S.C. § 2000e-5(e); *Johnson v. J.B. Hunt Transp., Inc.*, 280 F.3d 1125, 1128–29 (7th Cir. 2002). A plaintiff's failure to file a timely administrative complaint bars his suit. *See Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007) (Title VII).

On appeal Calvin asserts that his administrative complaint to the Equal Rights Division in 2004 was timely. He argues that he filed his administrative complaint within the 300-day deadline because his employment was terminated in February 2004, not July 2002. We disagree. Calvin knew in July 2002 that Sub-Zero ended his employment when Sub-Zero walked him out of the facility, told him that his job was "done," and stopped paying him. Those actions, presented to him at that time, were adverse employment actions that started the limitations period. *See de la Rama v. Ill. Dep't of Human Servs.*, 541 F.3d 681, 685–86 (7th Cir. 2008). The February 2004 letter, by contrast, did not start (or restart) the limitations period. It merely reflected the consequence of Sub-Zero's earlier decision in 2002, of which Calvin was aware in 2002, to end his employment. *See Barrett v. Ill. Dep't of Corr.*, 803 F.3d 893, 898 (7th Cir. 2015). Because Calvin knew in July 2002 that Sub-Zero had taken these adverse employment actions against him, Calvin had 300 days from that time to file a timely administrative complaint. *See Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980); *Barrett*, 803 F.3d at 898; *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir. 1990). His failure, then, to file an administrative complaint until November 2004, over two years later, dooms his suit.

AFFIRMED.